McKinney, J.,
delivered the opinion of the Court.
This was an action of debt against the makers and endorsers of a negotiable promissory note.
The note was made by the firm of W. E. Newell & Co., payable to the firm of Newell, Irvin & Co., and endorsed in blank by the latter firm, for the accommodation of the makers, to Williams. It is for $1076 86, dated Oct. 15th, 1856, and due one day after date.
There are five counts in the declaration: The first count seeks of charge the endorsers, upon the liability implied by law, from the mere act of endorsing the note in blank. The four remaining counts assume tha the endorsers, by special agreement, took upon them *210 selves a different and more enlarged liability than that created by law, which is variously modified in the statement of it, in said four counts.
There was a demurrer to these four counts, which, on argument, was sustained, and the case was brought on to trial upon an informal issue of non assumpsit to the first count.
The endorsement remained in blank until during the progress of the trial, when on motion of the plaintiff’s counsel, he was permitted to fill it up, as follows, viz:
“ For value received, we will pay the within mentioned sum of money to Udmund L. Williams, or order.” To this the defendants objected, but the objection was overruled.
The verdict was joint, “ that the defendants do owe, and detain from the plaintiff the said sum,” &c., upon which verdict the Court rendered judgment, and a new trial being refused to the endorsers, they alone have prosecuted an appeal in error to this Court, the makers of the note acquiescing in the judgment.
It appears from the record, that John II. Pritchett, (a member of the firm of W. E. Newell & Co.,) one of the makers of the note, had suffered judgment by default to be taken against him, at a term preceding the trial of the cause; and without objection, it seems he was introduced on the trial as a witness for plaintiff, to show the intention of the parties, .and the scope and nature of the undertaking of the endorsers. From his testimony, it appears that the firm of W. E. Newell & .Co., which consisted of said Newell and the witness, Pritchett, was indebted to Williams, the plaintiff, for a quantity of bacon purchased from him, and for which *211 he held the note of said firm. ' That on the 15th of Oct., 1856, Williams came to Clarksville, and desired to get security for the payment of said note. The witness, Pritchett, then made the note sued on, and procured D. S. Newell, one of the firm of Newell, Irvin & Co., “to endorse on the back of it, the firm name of Newell, Irvin & Co., and after being so endorsed, Pritchett handed the note to Williams, and took up the prior note. The plaintiff, Williams, was not present when the endorsement in blank was made upon the note by D. S. Newell, neither was W. E. Newell present; the transaction was between Pritchett and D. S. Newell alone. Pritchett stated “that no conversation on the subject of this endorsement,; or the reason why it was to be made, passed between him and Newell, Irvin & Co., or either of the parties, at the time the endorsement, was made, nor was there any other agreement made in reference to the note, or endorsement by Newell, Irvin & Co., that he had any knowledge of, other than the simple fact of endorsement.”
Upon the foregoing evidence, and there is none other in the record, touching the fact of the endorsement it is very clear, that the filling up of the endorsement on the trial was without color of authority, and in direct opposition to the proof. The presumption of law is, in the absence of evidence to the* contrary, that by an endorsement in blank, the party intends to assume no other, or different liability than that created or implied by law, from the fact of placing his name upon the paper. And where it is sought to vary or enlarge such liability, on the ground of a verbal agreement to that effect, made at the time of the endorsement, the proof *212 must be full and satisfactory. In tbe present case, such an idea seems not to have entered the mind of any of the parties. The case rests upon the. simple fact of the endorsement of the . firm name of Newell, Irvin & Oo., by one of the partners, without a word having been said by any one in regard to the purpose of the endorsement, or the nature or legal effect thereof. The assumption, that the facts of the case justify an inference, that it was the understanding and intention of the parties to vary, and extend the liability imposed by law upon- the endorsers, is destitute of foundation. The proof merely establishes that Williams desired security for his debt, and the security proposed by Pritchett was a new note, endorsed in blank by Newell, Irvin & Co., with this Williams seemed to be satisfied, and he accepted the new note thus endorsed, without any communication with the ' endorsers. 11 Humph., 355. In this view, the judgment is altogether erroneous. But even if there were sufficient evidence to sustain the filling up of the blank endorsement, there could be no recovery against Newell, Irvin '& Oo., upon the single count in the declaration, which was not demurred to. That count proceeds against them, simply as the endorsers of a negotiable note, and assumes that the liability created upon them, was -merely that which results, by implication of -law, from an ordinary commercial endorsement. But the writing on the note, as filled up on the trial, is a thing so totally different in every respect, from such an endorsement. It imports an original, absolute undertaking, to pay the amount of the note. If this writing were of any validity, the plaintiffs in error must have been sued in a different character from that of endorsers; in *213 the latter character, the action could not he maintained against them. It becomes unnecessary, in the view we have taken of the case, to notice the question arising on the demurrer, the form of the verdict, and other questions discussed in the argument.
Judgment reversed.